Nash, J.
 

 The only question presented to us by the case is, was the court correct in pronouncing the warrant insufficient to justify the officer; for if it was sufficient the defendant was guilty; if it was not, the defendant was not guilty, and entitled by the special verdict to an acquittal.' We entirely agree in opinion with the presiding judge. This is a search warrant, and substantially one to search for and apprehend-negroes that had runaway from Thomas Rowland. For, although in the first part of the warrant, it is stated that the ne-groes had been stolen from said Rowland by some person unknown, it immediately proceeds to qualify the charge by stating, “ or went out of the possession of the said Thomas Rowland.” Whether the warrant was issued upon
 
 the
 
 oath of any person or not, we are not informed. If it was, it is evident the informant had not. his own consent to swear they had been stolen. What confirms this view of the case is, that the warrant proceeds to state, that Thomas Rowland had probable cause to believe, and did believe that the negroes were in the
 
 possession
 
 of the defendant with others, not that they were
 
 secreted.
 
 It is evident then that this was a warrant to search
 
 *47
 
 for negroes, who had either absconded from their owner, and were in the possession of the defendant under a claim of right, or that they had been seduced from his possession by the defendant, and were harbored by him. Was it a case, then, which authorized the magistrate to issue a search warrant ? We are of opinion it was not, and that the want of authority was evident upon the face of the precept. Lord Camden, in the case of Entices, 11 State Trials, 321, states, that warrants to search for stolen goods had crept into the law by imperceptible practice — that it is the only case to be met with, and that the law proceeds in it with great caution. For first, there must be a full charge upon oath of a theft committed. The warrant in this case does not contain a full charge of a theft committed, in stealing the negroes, nor, indeed, of any theft, and if the warrant pursues the affidavit, if any was made, does the affidavit make the charge. The case cited establishes the doctrine, that a search warrant can be granted only upon a charge of stealing, or of the commission of a felony. This doctrine has been expressly recognized in this court as the law of this State, in the case of the
 
 State
 
 v.
 
 McDonald,
 
 in 3d Dev. 470. That, also, was a case of a search warrant for negroes who had been seduced from the possession of their owner, and the court declare that the warrant did not justify the officer who executed it, and that he was criminally guilty of a trespass. Strike out from this warrant the words “that said negroes have been within the last three days feloniously stolen,” and the warrant in McDonald’s case is the same with this, and those words taken in connexion with those that follow fully explain them, not to mean a felony, but simply a misdemeanor. The warrant then in this case was, obviously, to search for negroes who had runaway or been seduced from the possession of Thomas Rowland, and been harbored by him, which by our laws is but a misdemeanor, for which a magistrate has no power to grant such a warrant. The warrant therefore in this case was null and void, and conferred upon the officer no power to act; and in attempting to execute it in the manner he did, he is a trespasser, for
 
 *48
 
 every officer is presumed to know the law, and to know that he is not bound and has no power to execute a precept which. is not within the jurisdiction of the magistrate issuing it. 2nd Hawkins,
 
 130, 5, 10. State
 
 v.
 
 McDonald,
 
 before cited. The warrant in this case does not profess to be issued upon the oath of any one, nor does it appear in any part of the case that such was the fact, nor is it at all important to this enquiry how the fact was — it being a matter between the defendant in the warrant and the magistrate! If the magistrate had jurisdiction, the officer was justified in executing it. Every State’s warrant, however, issued by a magistrate, for an offence not committed in his presence, should be on the oath of the party requiring it, as well to ascertain that there is a felony, or other crime committed, without which no warrant should be granted, as also to prove the cause and probability of suspecting the party, against whom the warrant is prayed. 4 Bla. C. 291.
 

 We see no error in the judgment of the Superior Court, and it must therefore be affirmed.
 

 Pjm Curiam, Judgment affirmed.